IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 04-192-02 |
| ERIC HUMBERT | : | |

### <u>MEMORANDUM</u>

**SURRICK, J.**                                                                                    **June 7, 2024**

Defendant was convicted on several counts in connection with two bank robberies and one attempted bank robbery. Presently before the Court are his Motions under 28 U.S.C. § 2255 seeking to vacate two convictions under 18 U.S.C. § 924(c) for using or carrying a firearm during a "crime of violence." Section 924(c) defines "crime of violence" in two ways: the so-called "elements clause" and the so-called "residual clause." Recent Supreme Court decisions have held that the residual clause is unconstitutional, so convictions under § 924(c) must satisfy the elements clause to remain valid. The "crime(s) of violence" that Defendant's § 924(c) convictions were predicated on were one count of armed bank robbery and one count of attempted armed bank robbery, both in violation of 18 U.S.C. § 2113(d). Armed bank robbery satisfies the elements clause but attempted armed bank robbery does not. Accordingly, we will uphold Defendant's § 924(c) conviction that is predicated on his armed bank robbery conviction, but we will vacate his other § 924(c) that is predicated on his attempted armed bank robbery conviction.

## I.      BACKGROUND

In 2004, Defendant, Eric Humbert, along with three other individuals, was indicted on several charges related to two bank robberies and one attempted bank robbery in the Philadelphia area in July of 2003.  (Superseding Indictment, ECF No. 23, at 1–6.)  Specifically, Defendant was charged with conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 371, 2113(d) (Count One); one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (Count Two); one count of attempted armed bank robbery and one count of armed bank robbery, both in violation of 18 U.S.C. § 2113(d) (Counts Three and Five); two counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Four and Six); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Seven).  (*Id.* at 1–12.)  While Defendant's three co-defendants pled guilty (ECF Nos. 71, 72, 81), Defendant proceeded to trial and was convicted of all seven counts against him (ECF No. 90). On August 2, 2005, this Court sentenced Defendant to 60 months imprisonment on Count One; 120 months imprisonment on Count Seven; and 300 months imprisonment on Counts Two, Three, and Five.  (Judgment, ECF No. 115, at 4.)  All of these sentences were to run concurrently with each other.  (*Id.*)  The Court also sentenced Defendant to 120 months imprisonment on Count Four and 300 months imprisonment on Count Six, each to run consecutively to the other sentences and each other.  (*Id.*)  In total, Defendant was sentenced to a period of incarceration of 720 months.[1]  (*Id.*)

Defendant has appealed his sentence multiple times.  First, he filed a direct appeal, which was unsuccessful.  (*See* ECF No. 140.)  Second, in 2015, he brought a *pro se* motion under

---

[1] Defendant was separately convicted in another case in this district for his and another co-defendant's home invasion and theft of a minivan as part of a conspiracy to commit another bank robbery. (No. 04-506-1, Verdict, ECF Nos. 165, 166; Sentencing Mem., ECF No. 235, at 1.)  On August 29, 2007, Defendant was sentenced to a total term of imprisonment of 835 months to run consecutively to his

28 U.S.C. § 2255 to set aside his convictions, asserting various claims of ineffective assistance of counsel, which we denied, including after multiple motions for reconsideration.  (*See* ECF No. 158 at 1, 6, 15; ECF Nos. 159, 161, 163.)  The Third Circuit denied Defendant's application for a certificate of appealability under 28 U.S.C. § 2253(c)(l).  (ECF No. 166.)  Third, in 2016, Defendant filed a second *pro se* motion under 28 U.S.C. § 2255 seeking to set aside his convictions under Counts Four and Six.  ("Placeholder Mot.," ECF No. 171.)  This Motion was based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which held that part of the definition of "violent felony" in the Armed Career Criminal Act of 1984 was unconstitutionally vague.  *Johnson*, 576 U.S. at 593, 606.

Shortly before Defendant filed his second 2255 motion, we appointed the Federal Community Defender to represent Defendant in his request for § 2255 relief based on *Johnson* (*see* ECF No. 167), and the Chief Judge of this Court issued an administrative order staying all § 2255 motions based on *Johnson*, whether filed before or after the order.  *In re Motions Seeking Collateral Relief on the Basis of Johnson v. United States* (E.D. Pa. May 16, 2016), https://www.paed.uscourts.gov/sites/paed/files/documents/locrules/adminord/Administrative_ Order_-_Johnson_v._United_States.pdf.  The Court stated that the stay was appropriate given the anticipated large number of *Johnson*-based motions that would be filed with the Court and in order to give litigants sufficient time to consider the impact of *Johnson* in matters then pending at the Third Circuit and the U.S. Supreme Court.  *Id.*  The Court directed that the parties "shall move to lift this stay in individual matters as they are prioritized and ready to proceed."  *Id.*  The Court also noted that it appeared "that many of the motions filed to date in this Court are

---

sentence in this case.  (*Id.* at Judgment, ECF No. 237, at 2.)  This sentence was reduced to 535 months after the Court vacated one of his convictions under 18 U.S.C. § 924(c).  (*See id.* at ECF Nos. 322, 324, 325.)

'placeholder' motions seeking to state a claim" within the one-year deadline to file 2255 motions based on *Johnson*. *Id.*; *see also* 28 U.S.C. § 2255(f).  ECF No. 171 appears to be such a "placeholder" motion.

Neither party had moved to lift this stay.  Because Defendant had not obtained leave to file a second or successive motion under 28 U.S.C. § 2255 from the Third Circuit, as is required by statute, *see* 28 U.S.C. §§ 2255(h), 2244, we referred his Motion to the Third Circuit.  (ECF No. 173.)  In 2020, the Third Circuit granted Defendant leave to file a second 2255 motion (ECF No. 177), and Defendant promptly thereafter filed a counseled 2255 Motion ("Counseled Mot.," ECF No. 178).

In 2020, Defendant moved unopposed for a further stay of the proceedings until the then-pending Third Circuit case, *United States v. Walker*, 990 F.3d 316 (3d. Cir. 2021), was decided. (ECF No. 179.)  Accordingly, we ordered all proceedings on Defendant's 2255 Motions stayed and, consistent with the directive in the administrative order, ordered Defendant to inform the Court when *Walker* was decided and whether he believed the stay should be lifted.  (ECF No. 180.)  *Walker* was decided in 2021, and Defendant never informed the Court of the decision in that case or whether he believed the stay should be lifted.  However, in 2023, the Government filed its opposition to Defendant's 2255 Motions and suggested that the stay should be lifted. (Resp., ECF No. 186, at 6.)  Defendant has since filed a counseled reply (Reply, ECF No. 195), and both parties have filed additional briefing.  (*See* ECF Nos. 199, 200.)

Accordingly, we believe that it is now appropriate to lift the stay on Defendant's Motions and adjudicate his claims.

II.     **DISCUSSION**

A.      **The Effect of *Johnson* and *Davis***

Under § 2255, a federal prisoner may seek to " vacate, set aside or correct" a sentence

that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C.

§ 2255(a)

Defendant's Placeholder Motion asserted a claim under *Johnson*.[2]   In that case, the Court

considered a constitutional challenge to the Armed Career Criminal Act of 1984. *Johnson*,

576 U.S. at 593.   Under that Act, a defendant convicted of being a felon in possession of a

firearm is subject to enhanced punishment if he had at least three previous convictions for a

"violent felony." *Id.*   The definition of "violent felony" under the Act includes "any crime

punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that

presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).   The

Court held that this component of the definition, the so-called "residual clause," was

unconstitutionally vague. *Johnson*, 576 U.S. at 593, 606.   The Court noted that "[t]he

prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike

with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates

the first essential of due process.'" *Id.* at 595–96 (quoting *Connally v. General Constr. Co.*,

269 U.S. 385, 391 (1926)).   It then concluded that "the indeterminacy of the wide-ranging

---

[2] While asserting a claim under *Johnson*, this Motion mostly argues that Defendant's convictions under Counts Four and Six should be vacated on account of his rehabilitation. (*See generally* Placeholder Mot.)  However, this sort of argument is more appropriate for a motion for compassionate release under 18 U.S.C. 3582(c)(1)(A) rather than a 2255 motion. *See* U.S.S.G. § 1B1.13(d).  Furthermore, Defendant's Placeholder Motion does not mention 28 U.S.C. § 2255 and instead is purportedly brought under 18 U.S.C. §§ 3553 and 3661.  These statutes outline the factors that a court should consider when sentencing a defendant in the first place and are not appropriate vehicles, standing alone, through which a defendant may challenge his sentence.  Accordingly, and in light of the fact that Defendant has purportedly brought a *Johnson* claim, we treat his Motion as one under 28 U.S.C § 2255.  (*See* ECF No. 173.)

inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges" and that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 597.

Defendant's Counseled Motion relies on both *Johnson* and *United States v. Davis*, 588 U.S. 445 (2019), to argue that that his convictions under Counts Four and Six should be vacated.  Defendant was convicted under 18 U.S.C. § 924(c), not the provision at issue in *Johnson*, § 924(e).  18 U.S.C. § 924(c) criminalizes anyone who "during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A).  The definition of "crime of violence" under 924(c)'s own residual clause, while different from that of "violent felony" under § 924(e), is similar.  Section 924(c)'s residual clause provides that a "crime of violence" includes "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  28 U.S.C. § 924(c)(3)(B).  Given the similarity of this definition to that of "violent felony" in § 924(e), Defendant, along with many others, had asserted that the definition of "crime of violence" in § 924(c) is also unconstitutionally vague after the *Johnson* decision was handed down.  (*See* Placeholder Mot. at 1.)[3]  However, four years after *Johnson*, and three years after Defendant filed his Placeholder Motion, the Supreme Court built on *Johnson* and directly held that § 924(c)'s residual clause is unconstitutionally vague.  *Davis*, 588 U.S. at 451–52, 470.  Accordingly, in his Counseled

---

[3] While Defendant did not make this argument explicitly in his Placeholder Motion, we infer this to be the basis of his claim.  (*See* supra n.2.)

Motion, Defendant argues that his sentences under § 924(c) should be vacated in light of both *Davis* and *Johnson*. (Counseled Mot. at 1 (PDF Pagination).)

While the Government and Defendant agree that Defendant's § 924(c) convictions can no longer be grounded in the section's residual clause, they disagree over whether those convictions remain valid under that section's "elements clause." Under that clause, a crime is considered a "crime of violence" if it is a "felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The U.S. Supreme Court has held that, under this clause, "[t]he relevant inquiry is not how any particular defendant may commit the crime. The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force. " *United States v. Taylor*, 596 U.S. 845, 850 (2022).

## B.    Defendant's Conviction in Count Six is Valid under the Elements Clause

Defendant's conviction in Count Six was predicated on his conviction for completed armed bank robbery under 18 U.S.C. § 2113(d) in Count Five. (Superseding Indictment at 10–11.) A defendant is guilty under 18 U.S.C. § 2113(d) if he, "in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." Defendant's armed bank robbery conviction was premised on 18 U.S.C. § 2113(a), which criminalizes anyone who

> by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.

(*See* Superseding Indictment at 10 (alleging that Defendant "knowingly and unlawfully, by force and violence, and by intimidation, took from, and aided and abetted in the taking from, employees of the Citizens Bank . . . lawful currency of the United States").)

Defendant's § 924(c) conviction in Count Six is valid under the elements clause. Third Circuit precedents establish that completed bank robbery, whether armed or unarmed, is categorically a crime of violence under the elements clause. In *United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018), the Circuit reasoned that the least culpable conduct covered by § 2113(a) was unarmed bank robbery by intimidation and that "unarmed bank robbery by intimidation clearly does involve the threatened use of physical force against the person of another." *Wilson*, 880 F.3d at 84–85 (cleaned up). Therefore, the Circuit held that unarmed completed bank robbery under § 2113(a) is categorically a "crime of violence" under § 4B1.2(a) of the Sentencing Guidelines, which contains a "nearly identically" definition of the term as § 924(c). *Id.* at 83, 88. In a natural extension of *Wilson*, the Third Circuit recently held that both unarmed and armed completed bank robbery are "crime(s) of violence" under § 924(c) as well. *United States v. Jordan*, 96 F.4th 584, 594 (3d Cir. 2024); *see also United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018) (holding that armed completed bank robbery is a crime of violence under § 924(c)). Accordingly, Defendant's § 924(c) conviction in Count Six remains valid under the statute's elements clause.

### C.     Defendant's Conviction in Count Four Fails under the Elements Clause

The analysis regarding Defendant's conviction under Count Four is less straightforward. Rather than completed armed bank robbery, Defendant's § 924(c) conviction under Count Four was predicated on attempted armed bank robbery. (*See* Superseding Indictment at 8–9.) Section 2113(a) criminalizes completed bank robbery as well as attempted bank robbery, as it

criminalizes anyone who "by force and violence, or by intimidation, takes, *or attempts to take*" property from a bank.  18 U.S.C. § 2113(a) (emphasis added).  And § 2113(d) criminalizes anyone who "in committing, or in *attempting* to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."  *Id.*, (d) (emphasis added).

In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery under 18 U.S.C. § 1951 is not a crime of violence that can serve as a predicate for a conviction under § 924(c).[4] *See* 596 U.S. at 848, 851.  A defendant is guilty of Hobbs Act robbery under 18 U.S.C. § 1951 if he

> in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.

18 U.S.C. § 1951(a).  "Robbery," in turn, is defined as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id.*, (b)(1).  After discussing the test for determining a crime of violence under the elements clause, the *Taylor* Court outlined that "to win a case for *attempted* Hobbs Act robbery the government must prove two things: (1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end."  *Id.* at 851 (emphasis in original).  The Court held that "whatever a

---

[4] The Third Circuit subsequently held that completed Hobbs Act robbery constitutes a crime of violence under the elements clause.  *United States v. Stoney*, 62 F.4th 108, 112–13 (3d Cir. 2023).

substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Id.*  By way of example, the Court described a hypothetical would-be robber that walks into a store and is arrested before he has the chance to execute the robbery. *Id.* at 851–52.  In that situation, the Court noted that the government could win a case for attempted Hobbs Act robbery even though the defendant did not engage in or threaten any violence. *Id.* at 852.  It therefore concluded that attempted Hobbs Act robbery does not satisfy the elements clause. *Id.*

While Hobbs Act Robbery under § 1951(a) and bank robbery under § 2113(a) share certain similarities, an important difference between the language concerning "attempt" under those two statutory provisions should be highlighted.  As discussed, a defendant is guilty of Hobbs Act robbery under § 1951(a) if he "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or *attempts* or conspires so to do." 18 U.S.C. § 1951(a) (emphasis added).  In other words, a defendant is guilty if he attempts to commit a robbery, and as the *Taylor* Court held, the government may prove this without proving that the defendant "attempted to use, or even threatened to use force against another person or his property."  596 U.S. at 851.  However, a defendant is guilty of bank robbery under § 2113(a) if he "by force and violence, or by intimidation, takes, *or attempts to take*, from the person or presence of another" a bank's property.  18 U.S.C. § 2113(a) (emphasis added).

The parties disagree on how § 2113(a) should be interpreted.  The Government argues that "[b]ecause the phrase 'by force and violence, or by intimidation' introduces the first sentence of Section 2113(a) and precedes the "attempt" clause, the most natural reading is that the phrase is distributed across both subsequent verbs ('takes, or attempts to take')" such that

"like a 'tak[ing],' an 'attempt[] to take' must be committed 'by force and violence, or by intimidation.'" (Resp. at 13.) In contrast, Defendant argues that the phrase "by force and violence, or by intimidation" only modifies "takes" rather than "attempts to take." (Reply at 7 n.3.) Accordingly, Defendant maintains that the traditional, common law meaning of attempt still applies. (Reply at 4–5.) This common law meaning is the one utilized by the Supreme Court in *Taylor*; that is, an attempt requires that the defendant both intended to commit the offense and took a "substantial step" towards doing so. *See* 596 U.S. at 851 (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007)). Thus, according to Defendant, attempted bank robbery is not a crime of violence because, as the Court held in *Taylor*, a substantial step towards an attempted robbery need not involve violence or the threat of violence. (Reply at 4–5.)

Courts in other circuits have split on this issue. Specifically, the Second, Fifth, and Seventh Circuits have taken the Government's position that an attempted bank robbery must include some form of violence or intimidation.[5] *See Collier v. United States*, 989 F.3d 212, 221 (2d Cir. 2021); *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004); *United States v. Thornton*, 539 F.3d 741, 745, 748 (7th Cir. 2008). On the other hand, the Fourth, Sixth, and Ninth Circuits have sided with Defendant's position. *See United States v. McFadden*, 739 F.2d 149, 151–52 (4th Cir. 1984); *United States v. Wesley*, 417 F.3d 612, 618 (6th Cir. 2005); *United States v. Moore*, 921 F.2d 207, 209 (9th Cir. 1990).

The parties disagree as to the extent the Third Circuit has adjudicated this issue. The Government maintains that "[t]he Third Circuit has not addressed the issue in a precedential decision." (Resp. at 13.) Defendant disagrees, pointing to *United States v. Garner*, 915 F.3d 167

---

[5] The Eighth Circuit's model jury instructions also take this position. *See* Eighth Circuit Model Crim. Instr. 6.18.2113A (2023) (available at https://juryinstructions.ca8.uscourts.gov/instructions/criminal/Criminal-Jury-Instructions.pdf). Furthermore, the Tenth Circuit has sanctioned similar instructions. *United States v. Crosby*, 416 F. App'x 776, 778–79 (10th Cir. 2011) (unpublished).

(3d Cir. 2019).  (Reply at 6–7.)  In that precedential case, the Third Circuit applied the common

law meaning of attempt to § 2113, holding that "[t]o prevail on a charge of attempted bank

robbery, the Government had to prove that (1) Garner had the requisite intent to commit armed

bank robbery; and (2) he performed an act amounting to a substantial step toward the

commission of that crime."  *Garner*, 915 F.3d at 170 (internal quotations omitted).  Significantly,

as this language demonstrates, the court not only applied the common law definition of attempt

to attempted bank robbery under § 2113(a), for which the defendant had been convicted, *id.* at

169, but also applied the common law definition to attempted *armed* bank robbery under

§ 2113(d).[6]  The court's application of the common law approach would suggest that attempted

bank robbery under § 2113(a) and attempted armed bank robbery under § 2113(d) are not

considered crimes of violence in the Third Circuit.

    Paradoxically, however, the *Garner* court upheld Garner's conviction under § 924(c).  *Id.*

at 171.  The court stated:

> Garner's sole argument as to the charge under 18 U.S.C. § 924(c) is that he cannot
> have possessed a firearm in furtherance of a crime of violence if he did not
> actually commit the underlying crime.  But because his challenges to the

---

[6] We note that the Government has a strong textual argument that even if attempted bank robbery under § 2113(a) is not a crime of violence, attempted armed bank robbery under § 2113(d) is.  As noted, that section criminalizes anyone who, "in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."  18 U.S.C. § 2113(d).  As the Government articulates, this language, on its face, seems to require that even where the basis for a conviction under § 2113(d) is attempted bank robbery under § 2113(a), to be convicted for attempted armed bank robbery, a defendant must actually "assault[] any person, or put[] in jeopardy the life of any person by the use of a dangerous weapon or device."  (*See* Resp. at 11.)  Thus, convicting a defendant of attempted armed bank robbery would seem to "always require[] the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force."  *Taylor*, 596 U.S. at 850; *see also Williams v. United States*, No. 23-5975, 2024 WL 1911097, at *4 (6th Cir. Apr. 17, 2024) ("A conviction under § 2113(d) [] requires the government to prove that the defendant assaulted or put in jeopardy the life of another by the use of a dangerous weapon or device—regardless of whether the bank robbery was attempted or completed. . . . *Taylor* does not extend to armed attempted bank robbery.")  However, because we are bound by *Garner* and its adoption of the common law definition of attempt for attempted bank robbery, both armed and unarmed, we must reject this argument.

conspiracy and attempt charges fail, his challenge to the § 924(c) charge fails as
well.

*Id.*

However, in *Garner*, the Third Circuit ultimately had no occasion to consider whether
attempted bank robbery was in fact a crime of violence because of the nature of the defendant's
challenge to his § 924(c) conviction.  In particular, Garner argued that he could not be found
guilty of violating § 924(c) because he disputed that he committed the underlying crimes.  He did
not challenge his § 924(c) conviction on the basis that the crimes he was accused of—conspiracy
to commit armed bank robbery and attempted bank robbery—were not crimes of violence under
the elements clause.  Accordingly, *Garner*'s treatment of the issue of whether attempted armed
and unarmed bank robbery are crimes of violence is dicta, and *Garner* preceded the Supreme
Court's decision in *Taylor*.

Nonetheless, the *Garner* court's application of the common law meaning of attempt to
§ 2113(a) is relevant to us.  Therefore, because *Taylor* tells us that a substantial step towards a
robbery need not include any violent act or threat of violence, we conclude that *Garner* dictates
that attempted bank robbery under § 2113 and attempted armed bank robbery under § 2113(d)
are not a crimes of violence for purposes of § 924(c).

Other non-precedential sources from the Third Circuit further support this reading of
*Garner*.  First, before *Garner*, the Third Circuit applied the common law definition of attempt to
bank robbery under § 2113 in two unpublished cases.  *United States v. Sawyer*, 39 F. App'x 785,
787 (3d Cir. 2002) (stating that "[a]n attempt conviction in this case requires that [defendants]
acted with the intent to commit armed bank robbery and took a substantial step toward carrying
out that intent" and upholding the defendants' convictions under § 924(c) that were predicated on
attempted armed bank robbery under § 2113(d)); *United States v. McLaughllin*, 82 F. App'x 741,

744 (3d Cir. 2003) (same).  The Third Circuit's model jury instructions also apply the common law approach.  *See* Third Circuit Model Crim. Instr. 6.18.2113A, 6.18.2113D (2022) (available at https://www.ca3.uscourts.gov/sites/ca3/files/2021%20Chap%206%20Bank%20robbery %20final.pdf), 7.01 (2021) (available at https://www.ca3.uscourts.gov/sites/ca3/files/ 2021%20Chapter%207%20for%20posting%20final.pdf).  Lastly, in an unpublished decision, this Court recently interpreted *Garner* to dictate that attempted armed bank robbery is not a crime of violence under § 924(c).  *United States v. Gordon*, No. 99-348-2, 2024 WL 1585919, at *2–4 (E.D. Pa. Apr. 11, 2024).[7]  While these sources are not binding on us, they provide further support for our reading of *Garner*.

Accordingly, Defendant's conviction in Count Four must be vacated.

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motions will be granted in part and denied in part. Defendant's conviction in Count Four will be vacated.  Defendant's conviction in Count Six stands.  Furthermore, no certificate of appealability will issue under 28 U.S.C. § 2253(c) because no "reasonable jurists would find [our] assessment" of Defendant's claims with regard to Count Six "debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  An appropriate Order follows.

BY THE COURT:

*/s R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[7] An earlier nonprecedential opinion from this Court held that "a conviction under § 2113(a) for attempted bank robbery requires some evidence that the defendant actually used force and violence or intimidation in attempting to commit the robbery."  *United States v. Smith*, 07-743-02, 2009 WL 2835752, at *9 (E.D. Pa. Aug. 31, 2009).  However, this case preceded *Garner*.